UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

JS - 6

Case No. SACV 10-1579 DOC (MANx)                                                                Date: July 13, 2011
Title: KAUI SCUBA CENTER, INC. V. PADI AMERICAS, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT

      Before the Court are six related motions to dismiss and/or strike the class allegations from Plaintiff Kaui Scuba Center, Inc.'s ("Plaintiff") Second Amended Complaint ("SAC"). Specifically, these motions include: Lexington Insurance Company's ("Lexington") Motion to Dismiss (Doc. No. 71) and Motion to Strike (Doc. No. 68), York Risk Services Group, Inc.'s ("York") Motion to Dismiss (Doc. No. 72), Vicencia & Buckley Insurance Services, Inc.'s ("V&B") Motion to Dismiss (Doc. No. 69), PADI Risk Purchasing Group Inc.'s Motion to Dismiss (Doc. No.70)[1], and PADI Americas, Inc. and PADI Worldwide Corporation's Motion to Dismiss, or in the alternative, to Strike the Class allegations (Doc. No. 73).[2]

      The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing and reply papers, and for the reasons stated below, the Court hereby GRANTS the Motions to Dismiss. Lexington's Motion to Strike is DENIED as moot.

---

      [1] PADI Risk Purchasing Group also filed a Request for Judicial Notice (Doc. No. 70-2), which the Court grants.

      [2] As in the SAC, all PADI Defendants (PADI Risk Purchasing Group, Inc., PADI Americas, Inc., and PADI WorldWide Corporation), are referred to collectively herein as "PADI."

| MINUTES FORM 11 DOC | Initials of Deputy Clerk: jcb |
|---|---|
| CIVIL - GEN | Page 1 of 12 |

## I.   BACKGROUND

For the last several years, Plaintiff owned and maintained a PADI-certified dive shop in Hawaii.  (SAC ¶¶ 3, 15.)  One of the requirements of certification is maintaining insurance, which Plaintiff bought from PADI, through V&B, PADI's approved broker.  (*Id.* ¶ 3.)  Plaintiff asserts that because PADI is the largest company in the world from which to obtain certification, most dive shop owners purchase PADI-sponsored insurance.  (*Id.* ¶ 16.)  In purchasing commercial general liability ("CGL") and property damage ("PD") insurance for dive shop owners, PADI and V&B represent that insurance is provided by Lexington, a licensed insurance company.  (*Id.*)  In reality, PADI owns several insurance policies through Lexington, with PADI as the named insured, and dive shop owners named as additional insureds.  (*Id.* ¶ 17.)  The Lexington policies require PADI to pay the first $300,000 directly to the injured dive shop, allegedly making PADI, not Lexington, the primary "insurer" for this amount.  (*Id.* ¶ 17.)

Plaintiff alleges that PADI is not licensed to act as an insurance company in any state, nor does it carry mandated financial reserves.  (*Id.*)  In the event of losses to multiple dive shops, PADI will not have sufficient funds to cover the losses.  (*Id.*)  Plaintiff was told that its insurance coverage would be provided by Lexington, and paid full market value for the policy.  (*Id.*)  Plaintiff alleges it was overcharged because coverage by PADI, which is unlicensed, is worth far less than coverage by Lexington, a legitimate insurance company.  (*Id.*)  V&B and York, as broker and adjustor, respectively, further perpetrate this scheme by adding "an air of legitimacy" to the transaction.  (*Id.* ¶ 18.)  PADI, V&B, York, and Lexington all fail to disclose the true nature of this scheme to dive shop owners.  (*Id.* ¶¶ 19, 23.)

On March 10 and March 15, 2011, the Court granted V&B, York, and Lexington's earlier motions to dismiss, and Plaintiff was granted leave to amend its complaint.  (Doc. Nos. 54, 55.)  On April 6, 2011, Plaintiff filed its SAC, on behalf of itself and other dive shops that have acquired insurance through PADI and V&B.  The SAC alleges claims for: (1) Breach of Contract (Rescission) (against V&B and all PADI Defendants); (2) Breach of Contract (Damages) (against V&B and all PADI Defendants); (3) Money Had and Received (against V&B and all PADI Defendants); (4) Breach of Contract (against V&B) (5) Breach of Fiduciary Duty (against V&B); (6) Negligence (against V&B); (7) Intentional Misrepresentation (against all Defendants); (8) Negligent Misrepresentation (against all Defendants); (9) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (against all Defendants); (10) False Advertising ("FAL") (Cal. Bus. & Prof. Code § 17500) (against V&B and all PADI Defendants); and (11) Fraudulent and Deceptive Business Practices ("UCL") (Cal. Bus. & Prof. Code § 17200) (against V&B and all PADI Defendants).

## II.   LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

### B. Rule 9(b)

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth more than the neutral facts necessary to identify the transaction." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Id.*

### III. DISCUSSION

### A.     Standing

Defendants argue that the SAC must be dismissed in its entirety because Plaintiff lacks standing and/or fails to allege any damages. (Doc. Nos. 69-1 at 5-6, 70-1 at 6-7, 71-1 at 8, 72 at 22, 73-1 at 16-17.)  Specifically, Defendants argue that Plaintiff lacks standing to sue because no injury in fact is alleged.  Defendants contend that the alleged harm of being overcharged for insurance premiums, based solely on PADI's unlicensed status, is not actionable under *Medina v. Safe-Guard Prods., Int'l, Inc.*, 164 Cal. App. 4th 105, 114 (2008).  While *Medina* found that the plaintiff did not suffer any harm because of the insurer-defendant's unlicensed status, the court relied on the fact that the plaintiff did not allege that he paid more for the coverage than what it was worth because of the unlicensed status.  *Id.*  Here, Plaintiff alleges a loss based on paying higher premiums than what the policies were worth because PADI in not a licensed insurer.  (SAC ¶ 20 ("Plaintiff paid full, fair market value for insurance premiums and coverage by a licensed insurer and received coverage worth far less, as the market value for insurance from an unlicensed company is worth considerably less and possibly zero.").)

Where a consumer alleges that he or she paid more for a product than they otherwise might have, had the product been labeled accurately, the economic harm to the purchasing consumer is real.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011).  However, Plaintiff's damages theory cannot be saved by *Kwikset* because a review of the policies demonstrates that coverage was provided by Lexington, not PADI.[3]  (Hornsby Decl. Exs. A-J.)  Plaintiff fails to allege how the inclusion of a self-insured retention ("SIR") provision in certain group policies between PADI Americas and Lexington renders PADI Americas an unlicensed "insurer."  *See Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal. 4th 38, 72 n.20 (1997) (Explaining that self insurance "is equivalent to no insurance"; "In a strict sense, 'self-insurance' is a 'misnomer.'").  "The Insurance Code defines 'insurance' as 'a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event.'"  *Fort Bragg Unified School Dist. v. Solano County Roofing, Inc.*, 194 Cal. App. 4th 891, 904 (2011).

Plaintiff does not allege a contract whereby PADI undertook to indemnify dive shop owners against loss.  Rather, Plaintiff alleges that it was promised such a contract from Lexington.  By all accounts, this is what Plaintiff received.  Insurance coverage was provided by Lexington under PADI's group policies, with Plaintiff named as an additional insured, and with PADI responsible for a $300,000 annual deductible under certain of the past policies.  That PADI paid the deductible does not make PADI an "insurer."

Accordingly, Plaintiff's alleged injury in fact, based on the theory that PADI was acting

---

[3] The Court considers the polices because the SAC necessarily relies on them, they are central to Plaintiff's claim, and Plaintiff does not question their authenticity, but rather only asks the Court not to consider them in ruling on the motion to strike the Class allegations.  *Marder*, 450 F.3d at 448.

as an unlicensed insurer is untenable. Stated another way, arguing that it paid too much for insurance because Plaintiff unwittingly bought "unlicensed insurance" from PADI is not the type of economic harm contemplated by *Kwikset* because Plaintiff cannot argue that it received only the functional equivalent of licensed insurance, or a product it did not want or use. To the contrary, not only did Plaintiff receive licensed insurance from Lexington, as evidenced by the policies, this is exactly what Plaintiff admittedly wanted, and what Plaintiff relied on to have its claim paid.

Because Plaintiff cannot allege any injury from receiving licensed insurance from Lexington, Defendants' Motions to Dismiss are GRANTED and the SAC is DISMISSED in its entirety. Even if the Court overlooks Plaintiff's lack of standing, the individual claims are dismissed for the reasons set forth below.

### B. Breach of Contract Claims

Plaintiff's first, second, and fourth causes of action are rooted in breach of contract. In its March 10, 2011 Order ("Order I"), the Court dismissed the breach of contract and recission claims because Plaintiff failed to plead the existence of a contract by its terms or legal effect, and because recission is a remedy, not a cause of action. (Order I at 3, 8.)

V&B and PADI attack Plaintiff's amended breach of contract claims on the grounds that Plaintiff failed to cure the defects previously identified by the Court. V&B again argues that recission is not a cause of action, and the SAC does not plead facts demonstrating the existence of a contract, nor does it plead facts showing actual damage. (Doc. 69 at 2.) PADI makes the same arguments with respect to the first and second claims. (Doc. Nos. 70 at 2, 75 at 2.)

Plaintiff responds that the facts alleged are sufficient because the SAC alleges that the insurance policy promised coverage by Lexington, a licensed insurance company, when in fact no such coverage was provided, and Plaintiff received unlicensed coverage from PADI. (Doc. Nos. 78 at 8, 79 at 9, 81 at 8.)

#### 1. Recission

Plaintiff's first cause of action for "Breach of Contract (Recisson)" is nothing more than its dismissed Recission "claim" in disguise. As the Court previously stated, rescission is a remedy, not a cause of action. *See* Cal. Civ. Code §§ 1689, 1691; *Ozuna v. Home Capital Funding,* 2009 WL 4544131, at *11 (S.D. Cal. Dec. 1, 2009) (dismissing a cause of action for rescission because it is a remedy, not a cause of action); *Nakash v.Superior Court,* 196 Cal. App. 3d 59, 70 (1987). Thus, Plaintiff's first cause of action is DISMISSED WITH PREJUDICE as to all Defendants.

#### 2. Breach of Contract

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of contract; and (4) resulting damage. *Durell v.Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). Moreover, in order to sufficiently plead breach of contract, Plaintiff must plead the "contract either 'by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect.'" *N. County Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (quoting *McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1457, 1489 (2006)). "In order to plead a contract by its legal effect, [Plaintiff] must 'allege the substance of its relevant terms.'" *Id.* (citing 4 Witkin, Cal. Pro. (4th Ed. 1997) Pleading § 480, p. 573).

In Order I, the Court dismissed these claims from the FAC because Plaintiff failed to plead the existence of the contract by its terms or legal effect. (Order I at 3.) As in the FAC, the SAC does not attach a copy of the contract establishing the contractual terms, and/or lay out the specific terms of the contract in the complaint.[4] In the SAC, the only attempts Plaintiff makes to elaborate on the substance of the relevant terms are to change its allegation of a single contract to an allegation of multiple contracts, and allege that the contracts were "partly oral and partly written." (SAC ¶¶ 33, 45.) The Court agrees with Defendants that, rather than curing the FAC's deficiencies, the SAC makes the breach of contract claims "murkier." Because Plaintiff has failed to remedy the pleading deficiencies previously identified by the Court, and because the amended claims fail to plead the alleged contracts, Plaintiffs second and fourth causes of actions are DISMISSED WITH PREJUDICE as to all Defendants.

### C. Money Had and Received

Defendants argue that Plaintiff's third cause of action for money had and received fails because Plaintiff does not allege either unjust enrichment or a certain sum for money had and received by Defendants. (Doc. Nos. 69-1 at 12, 70-1 at 12.) Additionally, PADI Americas and PADI Worldwide argue that recovery must be denied because they have not actually received any money from Plaintiff. (Doc. No. 70-3 at 10-11.)

Plaintiff responds that while the exact details of what money changed hands from V&B to PADI is unknown, it should be allowed to take discovery to prove that both V&B and PADI were

---

[4] While PADI provides copies of the relevant insurance policies, attached to the Hornsby Declaration (Doc. No. 73-2), this does not alleviate Plaintiff's burden to allege facts setting forth the relevant terms of the alleged partly written/partly oral contracts and actions giving rise to breach. Even assuming these policies constitute the alleged written portions of the contracts, the Court cannot speculate regarding the nature of the alleged oral portions of the contracts and/or any additional written or oral contracts between Plaintiff and any of the other Defendants.

unjustly enriched by Plaintiff's payment of premiums.  (Doc. Nos. 78 at 8, 79 at 8, 81 at 8.)

In order to bring a claim for money had and received, Plaintiff must allege "unjust enrichment of the wrongdoer, and in order for plaintiff to recover in such action she must show that a definite sum, to which she is justly entitled, has been received by defendant." *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010) (quoting *Bastanchury v. Times-Mirror Co.*, 68 Cal. App. 2d 217, 236 (1945)).  A plaintiff must plead that the defendant "is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994) (citation and internal quotation marks omitted).

While Plaintiff has alleged unjust enrichment, and seeks the return of premiums to the extent it overpaid for the coverage it received, (SAC ¶¶ 41, 43), because the crux of this claim relies on an untenable allegation that Plaintiff bought unlicensed insurance from PADI rather than licensed insurance from Lexington, *see* Section III.A, Plaintiff cannot state a claim.  Moreover, as before, because Plaintiff's remaining claims fail to state a claim, Plaintiff cannot allege grounds on which the money paid to V&B must be returned.[5]  *See* Order I at 8-9.  Thus, Plaintiff's third cause of action is DISMISSED WITH PREJUDICE as to all Defendants.

### D.    Breach of Fiduciary Duty

V&B seeks dismissal of Plaintiff's fifth cause of action, breach of fiduciary duty, on the grounds that the SAC does not cure the failure to allege damages.  (Doc. No. 69-1 at 12.)  Plaintiff's statement regarding difference in market value and price paid is a "conclusion unsupported by facts," V&B contends.  (*Id.*)

Plaintiff responds that "PADI coverage is worth less than Lexington coverage and Plaintiff has been damaged by paying fair market rates for Lexington and receiving coverage worth less than that as provided by Lexington."  (Doc. No. 79 at 8.)

In reply, V&B argues that this claim is foreclosed by a recent California Court of Appeal opinion holding that insurance brokers may not be sued for breach of fiduciary duty in a matter that conflicts with existing insurance law.  (Doc. No. 83 at 8, citing *Workmen's Auto Ins. Co. v. Guy Carpenter & Co., Inc.*, 194 Cal. App. 1468 (May 4, 2011).)

---

[5] The Court refers only to payments made to V&B due to the internal inconsistencies in the SAC regarding whether Plaintiff paid *any* amount to PADI.  (*Compare* SAC ¶ 33 ("Plaintiff . . . [was] required to pay premiums to V&B and/or PADI") *with* ¶ 46 ("Plaintiff paid all premiums to V&B").)  While the Court must take Plaintiff's factual allegations as true, contradictory allegations cannot stand.  Moreover, because Plaintiff's opposition concedes that it paid premiums only to V&B, (Doc. No. 78 at 8), the Court disregards allegations in the SAC suggesting otherwise.

"In order to plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). A lack of any of these elements is fatal. *Id.* "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 221 (1983).

As an initial matter, *Workmen's Auto* is not citable precedent because the Court of Appeal granted rehearing of the matter on June 2, 2011. Turning to the SAC, Plaintiff fails to allege how V&B entered into a relationship with Plaintiff such that a fiduciary duty was imposed on V&B, either because V&B knowingly undertook to act for Plaintiff, or because such a duty is imposed as a matter of law. Plaintiff merely alleges that "V&B, as an insurance broker and expert in the insurance business, is charged with a fiduciary duty of helping their clients obtain proper, legitimate and requested insurance coverage." (SAC ¶ 49.) This conclusory allegation is insufficient.

Even assuming that V&B is charged with a fiduciary duty by virtue of its role as an insurance broker, the claim fails because the "duty" and "breach" alleged by Plaintiff are illusory. Plaintiff alleges that V&B breached its duty to inform customers that insurance was "provided by an unlicensed entity without mandated reserves[,]" Lexington does not cover the first $300,000 in loss, PADI may not be able to cover multiple losses at once, and dive shop owners are not receiving licensed insurance coverage in most circumstances. (SAC ¶ 51.) All of these allegations rely on the faulty assumption that Plaintiff received unlicensed insurance coverage from PADI. Because Plaintiff in fact received licensed coverage from Lexington, these allegations cannot state a claim for breach of fiduciary duty.

Lastly, Plaintiff fails to allege damages under this claim because its damages claim is based on the same faulty assumption that it received unlicensed coverage from PADI. Accordingly, Plaintiff's fifth cause of action is DISMISSED WITH PREJUDICE as to V&B.

### E. Negligence

As it did with the breach of fiduciary duty claim, V&B seeks dismissal of Plaintiff's sixth cause of action for negligence on the grounds that the SAC does not cure the failure to allege damages.

The SAC alleges the same damages for negligence as for breach of fiduciary duty. (SAC ¶ 58.) For the reasons stated above, these allegations are deficient. Thus, Plaintiff's sixth cause of action is DISMISSED WITH PREJUDICE as to V&B.

### F. Intentional Misrepresentation

In Order I, the Court dismissed Plaintiff's intentional misrepresentation claim because it failed to plead nondisclosure, knowledge of falsity, and intent to defraud. (Order I at 5.) In its second order regarding York and Lexington's earlier motions to dismiss, the Court dismissed the claim because Plaintiff failed to plead intentional misrepresentation with particularity, as required under Rule 9(b), and Plaintiff failed to allege any damages, let alone damages caused by York and Lexington. (Doc. No. 54 at 3-4 ("Order II").)

In the instant Motions to Dismiss, Defendants argue that Plaintiff's seventh cause of action remains deficient because only one fact was added to the SAC regarding a conversation Plaintiff had with a V&B representative, (Doc. No. 69-1 at 13-14), no changes were made to the allegations regarding PADI, (Doc. No. 70-1 at 12-13), no justifiable reliance with respect to PADI is alleged, (Doc. No. 73-1 at 14), and no specific allegations were added regarding any misrepresentations/omissions made by York and Lexington and/or damages caused therefrom, (Doc. Nos. 71-1 at 5-8, 72 at 11-15).

Plaintiff argues, without citations to alleged facts in the SAC, that it was told it would obtain Lexington coverage, intent to deceive and knowledge of falsity may be inferred, Plaintiff relied upon these misrepresentations, and suffered damage in the form of overpayment for its policy. (Doc. Nos. 78 at 10, 79 at 11, 81 at 10.)

The SAC fails to meet Rule 9(b)'s requirement that fraud-based claims be pleaded with particularity. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) (stating that under Rule 9(b) standards, "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged"). Plaintiff's conclusory allegation that all Defendants participated in a conspiracy to sell illusory insurance and conceal the scheme from Plaintiff is insufficient to allow each Defendant to respond to the claim. Plaintiff alleges that the true nature of the insurance it purchased was omitted by PADI, V&B failed to disclose it, Lexington knew about it, and York "provided an air of legitimacy" to the transaction. (SAC ¶ 60.) In support of these conclusory allegations, Plaintiff alleges that a representative from V&B told Plaintiff that its insurance would come from an "A+ rated" insurance company. (*Id.*) Plaintiff further alleges, without factual support, that V&B concealed the true nature of the insurance at PADI's request. (*Id.*) Plaintiff alleges that York participated by issuing "exchange checks." (*Id.*)

Although Plaintiff attempts to allege the "who" by asserting in a conclusory fashion each Defendant's alleged role in the transaction, Plaintiff fails to plead specific facts demonstrating a misrepresentation by any Defendant. That a V&B representative told Plaintiff that Lexington was A+ rated, when in fact it was, does not give rise to an intentional misrepresentation claim. Similarly, that York issued Plaintiff checks does not on its own lead to the plausible inference that York defrauded Plaintiff. Without alleging particular facts supporting each Defendant's alleged misrepresentations and/or role in the fraud, the SAC fails to state a claim for intentional misrepresentation. The insufficiency of this claim is compounded by the fact that Plaintiff fails to allege facts supporting the "what," "where" and "how" of the misconduct charged. It is not enough to allege a fraudulent scheme

without alleging particular facts to show how Plaintiff was defrauded. Because Plaintiff fails to correct the pleading deficiencies previously identified by the Court in Order I and Order II, the seventh cause of action is DISMISSED WITH PREJUDICE as to all Defendants.

### G. Negligent Misrepresentation

Claims for negligent misrepresentation must also meet Rule 9(b)'s heightened pleading requirements. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). The amendments to Plaintiff's eighth cause of action for negligent misrepresentation are identical to those made to the intentional misrepresentation count. (SAC ¶ 65.) Accordingly, because the intentional representation claim fails to meet Rule 9(b)'s heightened pleading requirements, the negligent misrepresentation claim also fails. For the reasons set forth in Section III.F above, the eighth cause of action is DISMISSED WITH PREJUDICE as to all Defendants.

### H. RICO

As the Court previously stated in Orders I and II, where a RICO claim is predicated on allegations of fraud, it must also meet the heightened pleading standards of Rule 9(b). (Order I at 6; Order II at 5.) The allegations of fraud made in support of the RICO claim are the same as those averred in Plaintiff's failed misrepresentation claims. (SAC ¶ 70.) Thus, the RICO claim similarly fails under Rule 9(b). For the reasons set forth in Section III.F above, and the reasons stated in the Court's RICO discussion in Orders I and II, the ninth cause of action is DISMISSED WITH PREJUDICE as to all Defendants.

### I. False Advertising & Unfair Business Practices

V&B argues that the SAC does not describe what advertisements were promulgated by V&B, what advertisements Plaintiff saw or read, and how Plaintiff relied on those advertisements. (Doc. No. 69-1 at 21.) PADI makes the same arguments, (Doc. No. 70-1 at 19-20), and further argues that these claims should be dismissed because neither restitution nor the injunctive relief sought by Plaintiff can be granted against PADI where Plaintiff admits it paid all premiums to V&B. (Doc. No. 73-1 at 11.) V&B also argues that Plaintiff fails to establish actual injury of money or property, reliance, and causation. (Doc. 83 at 11.)

Plaintiff premises both of these claims on allegedly false advertising by V&B and PADI. Plaintiff contends that it properly pleaded reliance under the UCL, as well as all of the elements of a false advertising claim. (Doc. Nos. 78 at 17, 79 at 19, 81 at 17.)

California's false advertising law prohibits "any statement" that is "untrue or misleading" and made "with the intent directly or indirectly to dispose of" property or services. Cal. Bus. & Prof. Code § 17500. To state a claim for an FAL violation, Plaintiff must also allege that "members of the

public are likely to be deceived." *In re Tobacco II*, 46 Cal. 4th 298, 312 (Cal. 2009). The unfair competition law prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Where, as here, a plaintiff proceeds under the fraudulent and deceptive prong, the conduct alleged must be likely to deceive the public, and may be based on representations that are untrue. *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (2006).

Plaintiff alleges that PADI and V&B advertise that they will provide licensed Lexington insurance coverage. (SAC ¶¶ 74, 80.) Plaintiff alleges that these advertisements are deceptive because unlicensed PADI, not Lexington, is the principal insurer for the first $300,000. (*Id.* ¶¶ 75, 81.) Plaintiff further alleges that it would not have purchased insurance through V&B and PADI had it known the truth because Plaintiff wanted coverage from a licensed company. (*Id.* ¶¶ 75, 80.) Plaintiff also alleges that the public is likely to be deceived. (*Id.* ¶¶ 76. 82.)

Advertising that licensed Lexington coverage would be provided is not false or misleading because this is indeed the coverage Plaintiff obtained. That any purported advertising did not disclose PADI as a principal insurer for the first $300,000 cannot give rise to an FAL or UCL claim, because as discussed above, the allegation that PADI was acting as an "insurer" is untenable. Thus, Plaintiff's allegations of reliance and likely deception fail. Because Plaintiff has not alleged actual loss of money or property as a result of the coverage it obtained, there can be no causation and/or damages. Therefore, restitution cannot be awarded under either the FAL or UCL.[6] To the extent Plaintiff requests injunctive relief regarding disclosure of the fact that PADI is responsible for a $300,000 deductible based on the SIR provision, the relief requested is moot because the current policy no longer contains this provision. Because Plaintiff's FAL and UCL claims are deficient, and because neither restitution nor injunctive relief may be awarded, Plaintiff's tenth and eleventh claims are DISMISSED WITH PREJUDICE as to all Defendants.

### J. Leave to Amend

For the foregoing reasons, the Motions to Dismiss are GRANTED. Because dismissal is based largely upon Plaintiff's failure to correct the deficiencies previously identified by the Court in Orders I and II, including Plaintiff's failure to allege plausible damages, the Court DISMISSES Plaintiff's claims WITH PREJUDICE. Plaintiff has not made a showing that further amendment would cure any defect, and the Court declines to afford Plaintiff another opportunity to cure the defects previously identified by the Court and ignored by Plaintiff. Plaintiff's repeated failure to plead facts in support of its claims suggests that amendment would be futile.

### K. Class Allegations

---

[6] Restitution from PADI is also not available based on Plaintiff's admission that premiums were paid only to V&B. *See* note 5, *supra*.

Various Defendants seek to strike Plaintiff's Class allegations.  Because the SAC is dismissed with prejudice,  Lexington's motion and all other requests to strike the Class allegations are denied as moot.

## VI.    DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motions to Dismiss (Doc. Nos. 69, 70, 71, 72, 73).  The SAC is DISMISSED WITH PREJUDICE.  Lexington's Motion to Strike (Doc. No. 68) is DENIED as moot.  The Request for Judicial Notice (Doc. No. 70-2) is GRANTED.

The Clerk shall serve this minute order on all parties to the action.