**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1579 DOC (MANx)                                    Date: August 10, 2011
Title: KAUI SCUBA CENTER, INC. V. PADI AMERICAS, INC., ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>  Julie Barrera  </u>                                          <u>   Not Present   </u>
Courtroom Clerk                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT YORK RISK SERVICES GROUP, INC.'S MOTION FOR SANCTIONS

      Before the Court is Defendant York Risk Services Group, Inc.'s ("York") motion for sanctions in the amount of $24,903.50 against Edwin C. Schreiber and the law firm of Schreiber & Schreiber, Inc. under Federal Rule of Civil Procedure Rule 11 (Doc. No. 96).

      The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The matter is removed from the Court's August 15, 2011 calendar. After considering the moving, opposing and reply papers, and for the reasons stated below, the Court hereby DENIES the motion.

      I.     **Summary of Parties' Positions**

      York filed the instant motion based on Plaintiff's alleged improper filing of the Second Amended Complaint ("SAC"). York argues that counsel's filing of the SAC was in violation of Rule 11 because it is frivolous and not warranted by existing law. York seeks recovery of the fees incurred to file its motion to dismiss the SAC and the instant motion, under Rule 11, the Court's inherent power, or other authorities, including 28 U.S.C. § 1927 and Local Rule 83-7.

      Plaintiff opposes the motion, arguing that York fails to carry the burden on its motion, and the evidence shows that Plaintiff's counsel applied significant diligence before filing the SAC. Plaintiff argues that the claims in the SAC were not meritless and were warranted by a good faith

argument under existing law. Plaintiff further contends that the amount of sanctions requested "shocks the conscience."

## II. Legal Standard

By presenting a pleading to the Court, the attorney who signs the pleading certifies that to the best of their knowledge, information, and belief, formed after a reasonable inquiry, the legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending the law. Fed. R. Civ. P. 11(b)(2). Violation of this rule may result in sanctions by the Court. Fed. R. Civ. P. 11(c). An appropriate sanction may be paying the opposing party's attorneys fees so long as it is limited to "what suffices to deter repetition of the conduct . . . ." Fed. R. Civ. P. 11(c)(4). Rule 11 sanctions are appropriate if "a competent attorney, after reasonable inquiry, would not have a good faith belief in the merit of a legal argument." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1990). Stated another way, "[a]n attorney may not be sanctioned for a complaint that is not well-founded, so long as she conducted a reasonable inquiry." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).

## III. Discussion

York fails to demonstrate that under an objective lens, the SAC was filed without a reasonable inquiry by Plaintiff's counsel. An objective review of the case suggests that some diligence was applied. Thus, sanctions under Rule 11 are not warranted.

The Court further finds that the SAC was not frivolous. First, Plaintiff's amended damages claim was based on intervening California Supreme Court authority, *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011).[1] Although the Court concluded that *Kwikset's* holding could not be extended to the facts alleged in the SAC, because the argument that insurance under the PADI group policy is worth less than other insurance is not meritorious, this finding is distinct from finding the damages theory frivolous.

Second, the Court did not pass on the question of whether the class allegations were improper. The various requests to strike these allegations were rendered moot by the Court's order dismissing the SAC with prejudice. York argues that the putative class was composed of "exceedingly few" members, but neither submits documentation in support of this argument nor explains why a small class would be improper. Thus, the Court cannot say that prosecution of the case as a putative class action was frivolous.

---

[1] The Court noted in Order II (Doc. No. 95) that Plaintiff again failed to allege plausible damages. However, this is not the same as saying Plaintiff advanced the same failed theory of damages previously dismissed by the Court in Order I (Doc. No. 54).

Third, York's arguments regarding the deficiencies in Plaintiff's RICO claim are more properly asserted on a motion to dismiss for failure to state claim - which York already did, successfully. Plaintiff's RICO claim has been dismissed with prejudice. The Court will not revisit that ruling as a basis for sanctions. Rule 11 is not a fee-shifting tool to be used as punishment against the losing party.

The Court declines to sanction Plaintiff's counsel under its inherent authority or any other authority cited by York because York has not demonstrated that the SAC was filed vexatiously or in bad faith. While unsuccessful, the SAC was filed after diligence of counsel and is not frivolous as a matter of law.

Even if the Court found the SAC frivolous or filed in bad faith, York has not substantiated the amount of fees requested or the hours it purportedly spent on the motion to dismiss the SAC and the instant motion. Accordingly, the motion must be denied on that ground alone.

### IV. DISPOSITION

For the reasons set forth above, the Court hereby DENIES Defendant's Motions for Sanctions (Doc. No. 96).

The Clerk shall serve this minute order on all parties to the action.